IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE S. McCLENTON, #260601, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-542-MEF |
| | ) |
| KIM TOBIAS THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This is a 42 U.S.C. § 1983 action in which Joe S. McClenton ["McClenton"], a state inmate, complains the defendants have acted with deliberate indifference to his medical conditions and have subjected him to confinement in a facility which does not accommodate his handicap, i.e., inability to walk necessitating confinement to a wheelchair, nor have they provided accommodation for his handicap. Pl.'s Compl. (Doc. No. 1) at 3. On September 22, 2011, the plaintiff filed a response in which he requests that the court consider this case a class action. Pl.'s Resp. (Doc. No. 24) at 4. The court therefore construes this document to contain a motion to certify class under Rule 23 of the Federal Rules of Civil Procedure.

Upon consideration of the motion to certify this case as a class action, the court concludes that this motion is due to be denied.

## II. DISCUSSION

McClenton is a a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates who have or will receive medical treatment at Bullock Correctional Facility. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Furthermore, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Fed. R. Civ. P. 23(b)(3); *see also England*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Thus, the court concludes that the plaintiff's motion to certify this case as a

class action is due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify this case as a class action be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 7, 2011**. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of September, 2011.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE